UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No. 14-cr-0037 (TFH) |
| ) | |
| SHERRI DAVIS, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION

Defendant Sherri Davis is charged with conspiracy to defraud the United States, aiding and assisting in the preparation of false and fraudulent income tax returns, and filing false and fraudulent individual income tax returns. *See* Superseding Indictment [ECF No. 26]. The Government alleges that from January 2006 through April 2013, the defendants, along with other individuals, conspired to defraud the Internal Revenue Service through the preparation and filing of false and fraudulent income tax returns that claimed fraudulent deductions, expenses, losses, and credits. *Id.* at ¶ 12. Pending before the Court is the Government's Motion in Limine to Exclude Defendant Sherri Davis's Noticed Medical Expert Witness Testimony [ECF No. 41]. The Government argues that the Court should exclude the testimony of Dr. Robert Madsen, a clinical and forensic psychologist proffered by Ms. Davis to testify that she suffers from attention deficit hyperactivity disorder ("ADHD") and to describe the effects of ADHD on her functioning. Upon consideration of the parties' briefing[1] and the

---

[1] *See* Government's Motion in Limine to Exclude Defendant Sherri Davis's Noticed Medical Expert Witness Testimony [ECF No. 41]; Defendant Sherri Davis's Opposition to Government's Motion in Limine to Exclude Defendant Sherri Davis's Noticed Medical Expert Witness Testimony [ECF No. 42]; Defendant Sherri Davis's Supplemental Proffer in Opposition to Government's Motion in Limine [ECF No. 43]; Defendant Sherri Davis's

1

entire record in this case, including the testimony at the December 10, 2014 hearing, the Court concludes that Dr. Madsen's testimony is inadmissible so the motion shall be granted.

## I. Standard for Admissibility

Federal Rule of Evidence 702 provides that expert testimony must "help the trier of fact to understand the evidence or determine a fact in issue." Fed. R. Evid. 702(a). Under *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993), a district court must ensure that an expert's testimony is reliable and relevant by acting as a "gatekeep[er]" and "excluding any expert testimony that is not sufficiently reliable or helpful to the jury." *Parsi v. Daioleslam*, 852 F. Supp. 2d 82, 85 (D.D.C. 2012) (citing *Daubert*, 509 U.S. at 597).

This Circuit has held that expert testimony regarding a defendant's mental condition may be admissible to negate specific intent. *United States v. Childress*, 58 F.3d 693, 727-28 (D.C. Cir. 1995) (per curiam). In *Childress*, the court held that the Insanity Defense Reform Act of 1984 does not prohibit admissibility of mental condition evidence where

> (a) the evidence is admitted not as an affirmative defense to *excuse* the defendant from responsibility for his acts, but to negate specific intent when that is an element of the charged act itself, and (b) the expert limits his testimony to his "diagnoses, the facts upon which those diagnoses are based, and the characteristics of any mental diseases or defect the experts believe the defendant possessed during the relevant time period," staying clear of "directly or indirectly opining on the [ultimate] issue of specific intent."

*Id.* at 728 (quoting *United States v. Gold*, 661 F. Supp. 1127, 1131 (D.D.C. 1987) (internal citations omitted)); *see also* Fed. R. Evid. 704 ("In a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition

---

Supplemental Memorandum in Opposition to the Government's Motion in Limine to Exclude Medical Expert Witness Testimony [ECF No. 49]; Government's Supplemental Motion in Limine to Exclude Defendant Sherri Davis's Noticed Medical Expert Witness Testimony [ECF No. 50]; and Defendant Sherri Davis's Opposition to Government's Supplemental Motion in Limine to Exclude Defendant Sherri Davis's Noticed Medical Expert Witness Testimony [ECF No. 51].

that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone.").

When a criminal defendant offers psychiatric evidence, the court must carefully administer the evidence to ensure that it "is relevant to negate specific intent as opposed to 'present[ing] a dangerously confusing theory of defense more akin to justification and excuse . . . .'" *Childress*, 58 F.3d at 727-28 (quoting *United States v. Cameron*, 907 F.2d 1051, 1067 (11th Cir. 1990)). Even if the proffered psychological testimony is potentially admissible as relevant to specific intent, this Court must "determine whether the testimony is grounded in sufficient scientific support to warrant use in the courtroom, and whether it would aid the jury in reaching a decision on the ultimate issues." *Childress*, 58 F.3d at 728 (quoting *United States v. Brawner*, 471 F.2d 969, 1002 (D.C. Cir. 1972)). With respect to the helpfulness inquiry, "[t]he proper focus [is] on the proffered link or relationship between the specific psychiatric evidence offered and the *mens rea* at issue in the case.'" *Id.* at 730 (quoting *Cameron*, 907 F.2d at 1067 n.3 (11th Cir. 1990)).

## II. Discussion

Defendant Sherri Davis designated Dr. Robert Madsen, a clinical and forensic psychologist, as an expert witness to testify that she suffers from ADHD and to explain "the symptoms of ADHD and how those symptoms may relate to the charges in this case." Gov't's Mot. in Limine Ex. A, Email from Barry Coburn to Tiwana Fleming and Mark McDonald (July 10, 2014) [ECF No. 41-1]. Dr. Madsen produced an initial report stating his conclusion that "Ms. Davis appears to have a significant case of ADHD, predominantly the inattentive type." *Id.* at Ex. B, Letter from Dr. Madsen to Barry Coburn (July 18, 2014) [ECF No. 41-2]. In response to the Government's challenge to the admissibility of this proffered testimony,

based in part on the fact that Dr. Madsen's initial report failed to make any connection between Ms. Davis's ADHD and the charged offenses, the defense submitted a supplemental proffer from Dr. Madsen on November 18, 2014. In his supplemental proffer, Dr. Madsen explained that

> Ms. Davis' ADD symptoms include the predominant symptom of inattention. This means, for one, that she will start something and get easily distracted onto another, making it extremely difficult to complete tasks of any kind, both in her allotted time and without errors. Indeed, failure to give close attention to details often leads to careless mistakes. This applies to domestic tasks as well as work tasks, and the precision needed to complete the task, as well as the time needed for any work undertaken, regardless of the venue, will be incrementally more difficult as the complexity of the task increases. Filling out detailed forms would be just such an example that would tax her better functioning considerably.

Def. Sherri Davis's Supplemental Proffer in Opp'n to Gov't's Mot. in Limine Ex. 1, Letter from Dr. Madsen to Barry Coburn (Nov. 17, 2014) [ECF No. 43-1]. Neither of Dr. Madsen's proffers included any mention of the charges against Ms. Davis or a discussion of how her ADHD may have affected her ability to willfully commit conspiracy and tax fraud.

It is proper to exclude proposed psychiatric evidence when a defendant is not able to establish a link or relationship between the evidence and the *mens rea* at issue in the case. In a case similar to this one, *United States v. Boykoff*, 186 F. Supp. 2d 347 (S.D.N.Y. 2002), the defendant was charged with conspiracy to defraud the IRS and proffered a medical expert to testify that he suffered from bipolar disorder and attention deficit disorder. *Id.* at 348-49. The court excluded the proposed testimony, finding that the expert had not established the requisite link between his testimony and the *mens rea* in dispute. *Id.* at 349. The court also noted that it was difficult to see how the expert would make the requisite link because his report

4

"exhibit[ed] no awareness of the true nature of the charges against" [the defendant]." *Id.*[2] *See also Cameron*, 907 F.2d at 1067 (affirming district court's exclusion of proposed testimony regarding defendant's schizophrenia in a drug distribution prosecution because defendant failed to show how such evidence "would demonstrate that she did not intend to distribute 'crack' cocaine"); *United States v. Parnell*, Case No. 1:13-cr-12 (WLS), 2014 U.S. Dist. LEXIS 85272, at *8 (M.D. Ga. June 24, 2014) (excluding expert testimony regarding defendant's ADHD because defendant "failed to demonstrate the link between his ADHD and the *mens rea* at issue").[3]

Similarly here, Dr. Madsen has failed to establish the requisite link between his proposed testimony regarding Ms. Davis's ADHD and her ability to form the *mens rea* at issue. When asked on cross-examination whether he could link Ms. Davis's ADHD symptoms with the conduct at issue in this case, Dr. Madsen stated that he could not. Hr'g Tr. 44:17-20. In fact, he testified that there was nothing about the diagnosis of ADHD that could prevent Ms. Davis from completing the charged crimes. *Id.* 33: 15-20. Ms. Davis claims that "Dr. Madsen's proposed testimony concerns how [her] ADD . . . affected her mental state," Def. Sherri

---

[2] The defense argues that *Boykoff* is not persuasive because the Second Circuit had not yet decided whether mental condition evidence was admissible for purposes of negating specific intent at the time the case was decided, but the district court clearly explained that its decision was "assuming *arguendo* that evidence of mental disease can be used to negate an inference of specific intent . . . ." *Boykoff*, 186 F. Supp. 2d at 349.

[3] In her Supplemental Memorandum in Opposition to the Government's Motion in Limine [ECF No. 49], the defendant cited three cases, two from the United States Court of Appeals for the Ninth Circuit and one from the United States District Court for the Northern District of California. The cited authority is not binding on this Court, and it is not persuasive given that the courts in *Cohen*, *Morales*, and *Baras* all found that the requisite link had been established between the expert's testimony and the *mens rea* at issue. *See United States v. Cohen*, 510 F.3d 1114 (9th Cir. 2007); *United States v. Morales*, 108 F.3d 1031 (9th Cir. 1997); *United States v. Baras*, Case No: CR 11-00523 YGR, 2013 U.S. Dist. LEXIS 173495 (N.D. Cal. Dec. 11, 2013).

5

Davis's Supplemental Mem. in Opp'n to the Gov't's Mot. in Limine 1 [ECF No. 49], but it is difficult to see how such testimony could be helpful to the jury when Dr. Madsen has no knowledge regarding Ms. Davis's tax preparation business, the day-to-day tasks she performed as a tax preparer, or any of her job responsibilities. Notably, Dr. Madsen specifically asked Ms. Davis *not* to discuss the charges with him. Hr'g Tr. 36:13-20 (Dec. 10, 2014). It is therefore unclear how his testimony has any link at all to the allegations in this case, and it would not be helpful to the jury.

Even if Dr. Madsen's testimony were admissible under Rule 702, it would be barred under Rule 403 because its probative value, if any, is substantially outweighed by the danger of misleading the jury. *See, e.g., United States v. Rogers*, Criminal Action No. 05-292 (RWR), 2006 WL 5249745, at *6 (D.D.C. July 17, 2006) ("Courts may exclude relevant psychiatric evidence under Rule 403 '[b]ecause psychiatric evidence (1) will only rarely negate specific intent, (2) presents an inherent danger that it will distract the jury from focusing on the actual presence or absence of mens rea, and (3) may easily slide into wider usage that opens up the jury to theories of defense more akin to justification.'" (quoting *Cameron*, 907 F.2d at 1067)). Dr. Madsen's proffered testimony focuses primarily on symptoms of ADHD that could cause Ms. Davis to have difficulty completing tasks and accurately filling out detailed forms. This is precisely the type of "justification or excuse" evidence that is not permitted because of the danger that it will mislead the jury. Dr. Madsen's testimony is therefore inadmissible under Federal Rules of Evidence 702 and 403.

### III. Conclusion

For the reasons stated above, the Court holds that Dr. Madsen's testimony is inadmissible. An appropriate Order accompanies this memorandum opinion.

January 12, 2015

_____
Thomas F. Hogan
SENIOR UNITED STATES DISTRICT JUDGE